IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD J. WOODS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LANCE MOORE, JULIE TUCKER, and ) <br> WALDEN SECURITY, ) <br> ) <br> Defendants. ) | Case No. 3:17-cv-01207 <br> Judge Aleta A. Trauger |

## MEMORANDUM

Plaintiff Ronald J. Woods, proceeding *pro se*, filed a civil Complaint against defendants Lance Moore, Julie Tucker, and Walden Security based on the termination of the plaintiff's employment. (Doc. No. 1.) Because the plaintiff proceeds *in forma pauperis*, the court must conduct an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the complaint will be dismissed for failure to state a claim for which relief may be granted.

**I.     Initial Review Screening Standards**

The court is statutorily required to conduct an initial review of a complaint filed by a plaintiff proceeding *in forma pauperis* and to dismiss it prior to service of process if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The screening procedure established by § 1915(e) applies to *in forma pauperis* complaints filed by non-prisoners as well as to those filed by prisoners. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. Factual Allegations in the Complaint

The plaintiff alleges that he is a 68-year-old black man who underwent a prostatectomy on March 31, 2017. He went back to work for Walden Security at the Ellington Agricultural Center two weeks after his surgery, against his doctor's recommendation that he take six to eight weeks off before returning to work. His doctor authorized his early return to work, so long as he refrained from heavy lifting or from walking, standing, or sitting for long periods of time. The plaintiff's direct supervisor told him to "take it easy" and that he would relieve him if the plaintiff was having problems. (Compl. at 4.)

The plaintiff alleges that, when he went back to work, he was still experiencing bouts of extreme pain that caused his body to "freeze." (*Id.*) On June 26, 2017, during one of these bouts, defendant Lance Moore took a photograph of the plaintiff while he was sitting in his cart. The photograph shows the plaintiff to be "la[i]d back with [his] eyes close[d]." (Compl. at 4.) Lance Moore believed that the plaintiff was asleep while on duty. He forwarded the photograph to Walden Security Human Resource Manager, Julie Tucker, notifying her that the plaintiff was asleep on the job and should be terminated. Defendant Julie Tucker terminated the plaintiff's employment for sleeping on the job.

Neither Lance Moore nor Julie Tucker was aware of the plaintiff's medical problems (Compl. at 5.) The plaintiff faults both defendants for not investigating further to find out what medical problems the plaintiff might have before terminating him. The plaintiff was awarded unemployment benefits by the Tennessee Department of Labor, because the employer did not provide "sufficient evidence to prove [that the plaintiff's] actions constitute work related misconduct." (7/21/2017 Letter from Tenn. Dep't of Labor to R. Woods, Doc. No. 1, at 7.)

The plaintiff asserts that he was unlawfully terminated. He seeks reinstatement as well as compensatory, punitive, and consequential damages.

**III.    Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted).

The plaintiff here does not identify the basis for this court's jurisdiction, but the only jurisdictional statutes possibly relevant are 29 U.S.C. §§ 1331 and 1332. Under § 1331, which governs "federal question" jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under § 1332, the court has diversity jurisdiction over cases between "citizens of different States," so long as the "matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1).

The information provided by the plaintiff indicates that the court lacks diversity jurisdiction under § 1332, because all of the parties appear to be citizens of Tennessee.

The court cannot conclude that it has federal-question jurisdiction either. The Complaint

references neither the Constitution nor any discernible federal statute. Although the plaintiff states that he is a "68 yr old black man" who was "unlawfully terminated" from his job (Compl. at 2), he does not allege that he was terminated because of either his age or his race. Although he indicates that he took some time off of work for surgery, he does not allege that he requested or took leave under the Family and Medical Leave Act or that he was terminated in violation of that statute. He does not allege that he is disabled or that he was terminated in violation of the Americans with Disabilities Act. In fact, he acknowledges that he was terminated for sleeping on the job and that the individuals who made the decision—and incorrectly jumped to the conclusion that he was sleeping on the job—were unaware of his medical condition. He asserts only that they should have conducted an investigation instead of just presuming, based on a photograph, that he was asleep on the job. Because the plaintiff has not alleged facts showing that his termination violated any federal anti-discrimination or civil rights law, the Complaint fails to state a claim over which this court has federal-question jurisdiction or for which relief may be granted.

**IV.   Conclusion**

The complaint will be dismissed without prejudice based on the plaintiff's failure to allege facts to support a claim for which relief may be granted. An appropriate order is filed herewith.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　ALETA A. TRAUGER
　　　　　　　　　　　　　　　　　　　　United States District Judge